Dear Major Shingledecker:
On behalf of the State Child Abuse Death Review Committee, you ask:
Does section 383.412, Florida Statutes, require audio recording of all proceedings of the State Child Abuse Death Review Committee?
In sum:
Section 383.412, Florida Statutes, requires that all proceedings of the State Child Abuse Death Review Committee be recorded such that all discussion is verbatim on record. While there is no specific requirement that such proceedings be audio recorded, that would appear to be an expedient and cost-efficient manner to ensure that all discussion is on record.
Section 383.402, Florida Statutes, establishes the State Child Abuse Death Review Committee as part of a statewide multidisciplinary, multiagency child abuse death assessment and prevention system. Under the system, state and local review committees review the facts and circumstances of all deaths of children from birth through age 18 which occur in this state as the result of verified child abuse or neglect.[1] The statute specifically provides that the chairperson of the State Child Abuse Death Review Committee, or the chairperson of a local committee, shall be provided access to any information or records that pertain to a child whose death is being reviewed by the committee and that are necessary for the committee to carry out its duties.[2]
You state that the state committee historically has "recorded the closed portions of [its] meetings by maintaining records of the cases discussed, the recommendations that were generated as a result of the group discussion, and finally the determination of preventability." The committee feels that audio recording of its closed sessions would be detrimental to the review process and questions whether its current procedures fulfill the obligations of section 383.412, Florida Statutes.
Section 383.412(2), Florida Statues, makes confidential any information that reveals the identity of the surviving siblings, family members, or others living in the home of a deceased child who is the subject of review by the state committee or a local committee.[3] Any information made confidential or exempt from Chapter 119, Florida Statutes, and section 24(a), Article I, Florida Constitution, which is held by the state committee or a local committee retains it confidential or exempt status without time limitations.[4]
The statute further provides that portions of meetings of the state committee or a local committee at which confidential or exempt information is discussed are exempt from Florida's open meetings law, section 286.011, Florida Statutes, and section 24(b), Article I, State Constitution.[5] Section 383.412(3)(a), Florida Statutes, however, states that "[t]he closed portion of a meeting must be recorded, and no portion of the closed meeting may be off the record[,]" and that the "recording shall be maintained by the State Child Abuse Death Review Committee or a local committee." The recording of a closed portion of a meeting is exempt from the Public Records Law.[6] Moreover, any person who knowingly or willfully publicizes or discloses to an unauthorized person any information made confidential and exempt under section 383.412, Florida Statutes, commits a misdemeanor of the first degree, punishable as provided in section 775.082 or section 775.083, Florida Statutes.[7]
Thus, the plain language of the statute requires that the closed portion of the State Child Abuse Death Review Committee meeting must be recorded, with no portion of the closed meeting off the record. Unless the context suggests otherwise, where a statute does not define a word it should be given its plain and ordinary meaning.[8] To "record" is "cause (sound, visual images) to be transferred to and registered on something (as a phonograph disc, magnetic tape) by mechanical usually electronic means in such a way that the thing so transferred and registered can (as by the use of a phonograph, tape recorder) be subsequently reproduced."[9]
Section 286.011, Florida Statutes, requires that minutes of a board or commission meeting be promptly recorded and open to public inspection. However, the recording of minutes does not produce a verbatim record of the committee's discussion, such that the requirement that no portion of the meeting be off the record would be satisfied. Prior to its amendment by section 1, Ch. 2010-40, Laws of Florida, section 383.412, Florida Statutes, did not require the recording of the closed portions of a meeting by the state committee or a local committee. The staff analysis for the bill amending section 383.412, Florida Statutes, noted that the then current law did not require a recording of the closed portions of meetings, thereby leading to the situation that arguably "the public has no assurance that the state or local committees actually discuss confidential or exempt information during those closed sessions."[10] Discussion during consideration of the bill shows that the intent of the legislation was to require that a "recording be made of any portion of the meeting" at which confidential information is discussed.[11]
While there are other statutes which require the recording of meetings by a certified court reporter in order to assure that all portions of a meeting are on record, [12] the Legislature did not impose such a requirement in this instance. Given the general requirement that minutes of a meeting be maintained, it would appear that the Legislature intended that the committee do more than merely maintain the records that are discussed, the recommendations resulting from general discussion, and the ultimate determination to satisfy the requirements of section 383.412, Florida Statutes.
It is my opinion, therefore, that section 383.412, Florida Statutes, requires that the proceedings of the State Child Abuse Death Review Committee be recorded such that there is a verbatim recording of all discussion, whether during an open or closed portion of the meeting. While there is no specific requirement that such proceedings be audio recorded, it would appear to be the most expedient and cost-efficient manner to ensure that all discussion is recorded.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] Section 383.402(1), Fla. Stat.
[2] Section 393.402(8), Fla. Stat.
[3] Section 383.412(2)(a), Fla. Stat.
[4] Section 383.412(2)(b), Fla. Stat.
[5] Section 383.412(3)(a), Fla. Stat.
[6] Section 383.412(3)(b), Fla. Stat. See s. 119.07(1) and s. 24(a), Art. I, Fla. Const., commonly referred to as the "Public Records Law."
[7] Section 383.412(5), Fla. Stat.
[8] See Sieniarecki v. State, 756 So. 2d 68 (Fla. 2000);Rollins v. Pizzarelli, 761 So. 2d 294 (Fla. 2000); In reMcCollam, 612 So. 2d 572 (Fla. 1993) (when language of statute is clear and unambiguous and conveys a clear meaning, statute must be given its plain and ordinary meaning); Frankenmuth MutualInsurance Company v. Magaha, 769 So. 2d 1012 (Fla. 2000) (in ascertaining the plain and ordinary meaning of a term, a court may refer to a dictionary).
[9] Webster's Third New International Dictionary p. 1898 (unabridged ed. 1981).
[10] House of Representatives Staff Analysis, HB 7113, March 15, 2010.
[11] See Florida House of Representatives, Rep. McBurney, Third Reading of HB 7113, April 19, 2010.
[12] Cf. s. 395.3035(4)(b), Fla. Stat., requiring all portions of any board meeting of the governing board of a public hospital which are closed to the public to be recorded by a certified court reporter.